IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**<br>c/o XL CATLIN UNDERWRITING DIVISION<br>20 GRACECHURCH STREET<br>LONDON, EX3V 0BG UNITED KINGDOM<br><br>      **Plaintiff,**<br><br>    v.<br><br>**GEOFFREY DORSEY**<br>**615 OAK CREST AVENUE**<br>**LINWOOD, NJ  08221**<br><br>and<br><br>**DORSEY CONSTRUCTION MASONRY &**<br>**HARDSCAPING LLC**<br>**1506 WEST RIVERSIDE DRIVE**<br>**ATLANTIC CITY, NJ  08401**<br><br>      **Defendants.** | **CIVIL ACTION NO.:** |

## COMPLAINT

Plaintiff, Certain Underwriters at Lloyd's, London, ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendants, Geoffrey Dorsey (individually "Dorsey" and collectively "Defendants") and Dorsey Construction Masonry & Hardscaping LLC (individually "Dorsey Construction" and collectively "Defendants"), complaining against them as follows:

### PARTIES

1. Plaintiff is a group of United Kingdom-based insurance underwriters with an interest in the policy at issue, i.e. number 007795/MGQ002; at all relevant times, Plaintiff was authorized to provide in the state of New Jersey the insurance described herein.

2. At all relevant times, Plaintiff provided – via an in-force policy – property (*inter alia*) insurance to Yabba LLC d/b/a Soho Suites Atlantic City Hotel ("subrogor") in connection with its property at 118 South North Carolina Avenue in Atlantic City, New Jersey ("subject property").

3. At all relevant times, Plaintiff was composed of the following interested parties, which are all United Kingdom-based commercial entities engaged in the business of insurance:

- Apollo 1969 at Lloyd's – principal place of business at One Bishopsgate, London, UK;
- Argo Group 1200 – principal place of business at One Fen Court, London, UK;
- XL Catlin 2003 – principal place of business at 20 Gracechurch Street, London, UK;
- Ark NOA 3902 – principal place of business at 30 Fenchurch Avenue, London, UK;
- Talbot TAL 1183 – principal place of business at 60 Threadneedle Street, London, UK;
- Pioneer PPP 9981 – principal place of business at 7 Bishopsgate, London, UK.
- Blenheim WBC 5886 – principal place of business at 7th Floor, 70 Mark Lane, London, UK.

4. In the wake of the incident described below, as a result of related claims made on the above-described policy (which were paid pursuant thereto), Plaintiff became subrogated to certain recovery rights and interests of subrogor, i.e. for monies paid per the policy, including the claims asserted in this action.

5. Upon information and belief, Dorsey was at all relevant times an adult individual residing at the above-captioned address.

6. Upon information and belief, Dorsey was at all relevant times in the business of general contracting; further, he did in fact perform the herein-described roof installation at the subject property.

7. Upon information and belief, Dorsey Construction was at all relevant times a New Jersey limited-liability company with its principal place of business at the above-captioned address.

8. Upon information and belief, Dorsey Construction is in the business of construction, including but not limited to projects involving general construction; further, Dorsey Construction did in fact perform general-contracting services that included the herein-described roof installation at the subject property.

## STATEMENT OF FACTS

9. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length here.

10. Prior to April 13, 2020, subrogor entered into a contract with Defendants for performance of construction at the subject property; Plaintiff is not in possession of said contract, but – as it believes that Defendants either have a copy, or have better access to it than Plaintiff – Defendants are not prejudiced by Plaintiff's inability to append a copy thereof hereto.

11. On or about April 13, 2020, water entered the subject property through the roof after its installation by Defendants; extensive damage was thereby caused to subrogor's property, as was the imposition of other expenses and hardships besides.

12. To the extent that these damages were covered and paid for under the policy subrogor had in force at the time with Plaintiff, claim monies were paid to subrogor; as a result, Plaintiff became subrogated to the claims asserted in this action, including the damages asserted herein.

## JURISDICTION AND VENUE

13. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between entities and/or citizens of different states and/or countries; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

14. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## COUNT I – NEGLIGENCE: PLAINTIFF v. DEFENDANTS

15. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were restated here.

16. Defendants owed subrogor a duty of care to refrain from engaging in conduct that would create a foreseeable likelihood of harm to the subject property.

17. Through proper actions of their own, and/or proper worker/agent selection, oversight, direction, and inspection, Defendants knew or should have known of the associated risks with regard to insufficiently installing the subject property's roof, especially in the context of foreseeable coastal storms.

18. Notwithstanding this, Defendants failed to safely, properly, and adequately install the roof at the subject property.

19. As a result of said improper actions and/or inactions, Defendants created a dangerous condition and foreseeable risk of harm of the kind suffered by subrogor.

20. Ultimately, Defendants caused subrogor's damages because they were negligent and/or failed to meet the applicable standard of care by:

    (a) failing to exercise reasonable care in the performance of their undertaken duties at the subject property, including but not limited to negligently failing to competently perform the roof installation;

    (b) failing to adequately warn subrogor and others of the dangers resulting from the failure to exercise reasonable care as described above in subparagraph (a);

    (c) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks described in subparagraph (a) above;

    (d) failing to perform the tasks described in subparagraph (a) in conformity with prevailing industry and governmental customs and standards, and/or the instructions on how to install the roof;

    (e) failing to retain competent, qualified and/or able agents, employees or subcontractors to perform the tasks described in subparagraph (a) above; and/or

    (f) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry norms applicable to this action.

21. As a result of the damages directly and proximately caused by Defendants' negligent and otherwise standard-non-compliant acts and/or omissions, subrogor sustained losses to its property (and other harms besides) in an amount in excess of $700,000.00.

22. Defendants owed a duty to subrogor to properly conduct the work performed at the subject property without creating an unreasonable risk of harm to subrogor's property; Defendants breached this duty, and their breach proximately caused subrogor's damages.

23. By reason of Defendants' negligence and/or otherwise standard-non-compliant acts and/or omissions, subrogor sustained and incurred damages as described herein in an amount in excess of $700,000.00.

24. To the extent these damages were paid pursuant to subrogor's insurance policy, Plaintiff became subrogated to the recovery being pursued in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendants – jointly, severally or in the alternative with the each other – in an amount in excess of $700,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

### COUNT II – BREACH OF CONTRACT: PLAINTIFF v. DEFENDANTS

25. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were restated here.

26. Based upon the contract existing between the subrogor and Defendants, Defendants expressly and/or impliedly promised that the activities they undertook in connection with the construction at the subject property – including but not limited to the roof installation – would be done in a good and workmanlike manner, consistent with the express and implied terms of said contract (and indeed any contract).

27. Impliedly and/or expressly as expressed in said contract (or as imputed by law), Defendants were obligated to comply with all applicable federal, state and local laws, regulations and ordinances, as well as all industry standards, customs and practices.

28. Based upon the facts and allegations herein stated, Defendants breached the above-described contract.

29. As a direct and proximate result of such contractual breaches, subrogor suffered the above-described damages to its property, as well as additional expenses and hardship besides, in an amount in excess of $700,000.00.

30. Subrogor performed all conditions precedent to recover based upon such contractual breaches.

31. To the extent these damages were paid pursuant to subrogor's insurance policy, Plaintiff became subrogated to the recovery being pursued in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendants – jointly, severally or in the alternative with the each other – in an amount in excess of $700,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

### COUNT III – BREACH OF IMPLIED WARRANTIES: PLAINTIFF v. DEFENDANTS

32. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were restated here.

33. In furtherance of the above-described services undertaken, Defendants impliedly warranted that all work performed would be done in a reasonably workmanlike manner, and/or with quality workmanship, suitable to creating a habitable property.

34. Based upon their herein-described improper conduct by Defendants (themselves, and/or through employees, subcontractors and/or agents as set forth above), Defendants breached these warranties.

35. As a direct and proximate result of such warranty breaches, subrogor suffered the above-described damages to its property, as well as additional hardship and expenses besides, in an amount in excess of $700,000.00.

36. Subrogor performed all conditions precedent to recover based upon such warranty breaches.

37. To the extent these damages were paid pursuant to subrogor's insurance policy, Plaintiff became subrogated to the recovery being pursued in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendants – jointly, severally or in the alternative with each other – in an amount in excess of $700,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

                                **de LUCA LEVINE LLC**

By: _____
     DANIEL J. de LUCA,
     ATTORNEYS FOR PLAINTIFF
     NJ ATTY I.D. NO.: 03845-1994
     301 E. Germantown Pike, 3rd Floor
     East Norriton, PA  19401
     (215) 383-0081 (Telephone)
     (215) 383-0082 (Fax)
     ddeluca@delucalevine.com

**Dated:** July 12, 2022